IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CICELY KENNEDY**                                                                                   **PLAINTIFF**

v.                                                         CIVIL ACTION NO. 1:22cv130 TBM-RPM

**DAVID B. ROY D. O. P. A./PINE**                                            **DEFENDANT**
**BELT DERMATOLOGY &**                                            **(JURY TRIAL DEMANDED)**
**SKIN CARE CENTER**

## **COMPLAINT**

In this race-discrimination case, the supervisor made fun of Plaintiff's skin color in front of patients, saying her skin was the same color as the "dirty Gulf Coast water." When she complained, she was demoted and ultimately terminated. This was a violation of state and federal law. For these reasons, COMES NOW THE PLAINTIFF and alleges as follows:

### PARTIES

1. Plaintiff Cicely Kennedy is an adult resident of Mississippi.

2. Plaintiff's race is African American.

3. Defendant David Roy D. O. P. A./Pine Belt Dermatology and Skin Care Center is a corporation with its headquarters in Petal, MS.

4. Defendant does business in Mississippi.

5. Defendant can be served at 29 Park Place, Apt 2203, Hattiesburg, MS 39402.

### **JURISDICTION, VENUE, JURY DEMAND**

6. Jurisdiction is proper in this court under 28 U.S.C. § 1331 because this claim arises under federal law.

7. Defendant operates a location in Biloxi, Mississippi.

8. Plaintiff worked for Defendant at its location in Biloxi, Mississippi.

9. Venue is proper in this court under 28 U.S.C. § 1391 because the Defendants and all work at issue were located in and around Biloxi, Mississippi.

10. Trial by jury is demanded on all issues so triable in this matter.

11. Defendant is subject to 42 U.S. C. § 1981.

## FACTS

12. Ms. Kennedy began working for Defendant in November of 2019 in its office in Biloxi.

13. In January of 2020, Ms. Kennedy was promoted to surgery assistant at the Biloxi office.

14. Her pay was $15 per hour.

15. The surgeon in Biloxi made fun of Ms. Kennedy's race and skin color, and made racist remarks about her.

16. Among other things, on January 28, 2020 and January 29, 2020, Surgeon, Dr. Keoni Nguyen made jokes about Ms. Kennedy's skin complexion in front of patients during surgery. The surgeon stated that beach water on the coast is very dirty, that he surfs in it which makes his skin a little brown, but on the other hand it looked like Ms. Kennedy bathed in it daily which is why her skin was so dark. He even told patients that corn makes his skin brown and that Ms. Kennedy was so dark it looked like she had been eating corn all of her life.

17. Among other things, the surgeon stated in front of patients that Ms. Kennedy's skin color was "the same as the dirty Gulf Coast water"

18. Ms. Kennedy reported these racist remarks to manager Latonya Smith on February 3, 2020.

19. Some time in March 2020, Ms. Kennedy's pay was decreased from $15.00 per hour to $12.00 per hour.

20. She was then called into a meeting on March 26, 2020 at 2 pm. The administration sent everyone in the office out then put her in a room by herself and closed the door.

21. She met with the surgeon and one of the office managers.

22. In this meeting, the surgeon said that maybe Ms. Kennedy was having a bad day and that's the reason that she had told on him.

23. He stated that no one had ever told on him before.

24. The surgeon admitted to the remarks which he had made as Ms. Kennedy had alleged.

25. The surgeon also stated that Ms. Kennedy is the best worker he has ever had.

26. He stated that, because Ms. Kennedy has so many siblings, he thought that she would take a joke.

27. On April 2, 2020, the Defendant terminated Ms. Kennedy.

28. The stated reason for termination was a "lay off" due to Covid.

29. Since that "lay off," the Defendant has hired additional employees.

30. This includes hiring an employee to fill Ms. Kennedy's former position and/or perform her former job duties.

31. Ms. Kennedy was not recalled from the "lay off" to return to work.

32. The reason Ms. Kennedy was laid off and was not recalled was because of her race and/or retaliation for reporting race discrimination.

33. On May 19, 2020, Ms. Kennedy received text messages from the office manager to whom she had earlier reported her issues.

34. In these messages, the manager stated that the employees are racist and do not want African Americans to move up with the company.

35. The office manager also stated that she quit because they had cut her pay after she opposed the discrimination against Ms. Kennedy.

## CAUSES OF ACTION

**Count 1: 42 U.S.C. § 1981**

36. Plaintiff incorporates all other paragraphs of this complaint as if fully set forth herein.

37. The Defendant is prohibited by 42 U.S.C. 1981 from discriminating against an employee because of her race.

38. The Defendant is also prohibited by 42 U.S.C. 1981 from retaliating against an employee for opposing race discrimination.

39. Plaintiff was harassed, and this harassment was motivated by her race.

40. Plaintiff's pay was decreased, and this decrease was motivated by her race and/or opposition to race discrimination.

41. Plaintiff's employment was terminated, and this termination was motivated by her race and/or opposition to race discrimination.

42. Plaintiff was not recalled from "lay off" and others were hired/rehired in preference to her. This was motivated by her race and/or opposition to race discrimination.

43. Plaintiff was harmed thereby.

44. This was unlawful, and Defendant is liable for the harm caused thereby.

## REMEDIES

Plaintiff seeks all remedies available, including but not limited to the following:

a. A final judgment declaring that the actions of Defendant described herein violate the law as alleged;

b. Back wages;

c. An injunction curing the violations alleged herein, and prohibiting any future similar violations;

d. Any other equitable relief as the court deems appropriate.

e. Compensatory damages for emotional distress and any other non-pecuniary harms flowing from the actions alleged herein;

f. Consequential damages and any other pecuniary harms flowing from the unlawful acts complained of herein;

g. Punitive damages against any Defendant not immune therefrom, commensurate with the misconduct and necessary to deter violations of the law;

h. Notice given to all employees regarding the violations found by this court, and notifying such employees of the order entered proscribing any future similar violations;

i. Pre- and post-judgment interest;

j. Attorney fees;

k. Costs; and

l. Any other relief available under any applicable principle in law or equity.

Respectfully submitted on May 25, 2022,

                                                              CICELY KENNEDY, Plaintiff

                                                              /s/ Joel Dillard
                                                              Joel F. Dillard (MSB No. 104202)
                                                              Jay Kucia (MSB No. 106213)
                                                              *Counsel for Plaintiff*

OF COUNSEL:

JOEL F. DILLARD, P.A.
775 N. Congress St.
Jackson, MS 39202
Telephone: 601-509-1372 (Ext. 2, Joel) (Ext. 1, Jay)
Emails: joel@joeldillard.com (Joel)
jay@joeldillard.com (Jay)