**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**CICELY KENNEDY**                                                                    **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 1:22-cv-130 TBM-RPM**

**DAVID B. ROY D.O. P.A./PINE**                                            **DEFENDANT**
**BELT DERMATOLOGY & SKIN**
**CARE CENTER**

## DEFENDANT'S ANSWER AND DEFENSES

Defendant, David B. Roy D.O. P.A./Pine Belt Dermatology & Skin Care Center

("Pine Belt Dermatology" or "Defendant"), files this Answer and Defenses in response to

Plaintiff's Complaint in the above captioned action, using the same paragraph

numbering, and states as follows:

## ANSWER TO COMPLAINT

Pine Belt Dermatology denies the allegations in the unnumbered opening

paragraph beginning "In this race-discrimination case," and specifically denies that it

violated any state or federal law relative to Plaintiff's employment with it.

## PARTIES

1.      Based on information and belief, Pine Belt Dermatology admits the

allegations of paragraph 1.

2.      Based on information and belief, Pine Belt Dermatology admits the

allegations of paragraph 2.

3.      Paragraph 3 is admitted in part and denied in part. It is admitted that David

Roy D.O. P.A. is a corporation with its headquarters in Petal, MS. It is denied that Pine

Belt Dermatology is a corporation; rather, it is "DBA" (doing business as) name for the formal corporation.

4.    Pine Belt Dermatology admits the allegations of paragraph 4.

5.    Pine Belt Dermatology denies the allegations of paragraph 5.

### JURISDICTION, VENUE, JURY DEMAND

6.    Pine Belt Dermatology admits only that this Court has jurisdiction of this claim, but it expressly denies that it is liable to Plaintiff under any laws and further denies that Plaintiff is entitled to any relief from it.

7.    Pine Belt Dermatology admits the allegations of paragraph 7.

8.    Pine Belt Dermatology admits the allegations of paragraph 8.

9.    Pine Belt Dermatology admits only that venue is proper in this Court, but it expressly denies that it is liable to Plaintiff under any laws and further denies that Plaintiff is entitled to any relief from it.

10.    Pine Belt Dermatology admits only that Plaintiff has demanded a trial by jury, but it expressly denies that she can establish any triable issues in this matter or that it is liable to Plaintiff under any laws, and it further denies that Plaintiff is entitled to any relief from it.

11.    Paragraph 11 is admitted to the extent that 42 U.S.C. §1981 speaks for itself.

### FACTS

12.    Pine Belt Dermatology admits the allegations of paragraph 12.

13.    Pine Belt Dermatology admits the allegations of paragraph 13.

14.    Pine Belt Dermatology admits only that Plaintiff's pay rate for work as a

2

Mohs surgery assistant was $15 per hour.

15. Pine Belt Dermatology denies the allegations of paragraph 15.

16. Pine Belt Dermatology denies the allegations of paragraph 16 as worded.

17. Pine Belt Dermatology denies the allegations of paragraph 17 as worded.

18. Pine Belt Dermatology admits only that on February 3, 2020, Plaintiff communicated to Latonya Smith about Dr. Keoni Nguyen. Pine Belt Dermatology denies Plaintiff's allegation that Dr. Nguyen made any "racist remarks."

19. Pine Belt Dermatology denies the allegations of paragraph 19.

20. Pine Belt Dermatology admits that on the afternoon of March 26, 2020, a meeting was held with Plaintiff. The remainder of the allegations of paragraph 20 are denied as worded.

21. Pine Belt Dermatology admits the allegation of paragraph 21.

22. Pine Belt Dermatology denies the allegations paragraph 22 as worded.

23. Pine Belt Dermatology denies the allegations of paragraph 23.

24. Pine Belt Dermatology denies the allegations of paragraph 24.

25. Pine Belt Dermatology denies the allegations of paragraph 25.

26. Pine Belt Dermatology denies the allegations of paragraph 26.

27. Pine Belt Dermatology admits the allegations of paragraph 27.

28. Pine Belt Dermatology admits that Plaintiff was permanently terminated pursuant to a lay off necessitated by COVID-19.

29. Pine Belt Dermatology admits the allegations of paragraph 29.

30. Pine Belt Dermatology admits only that, since April 2, 2020, it has hired

individuals to work as general dermatology assistants, which was Plaintiff's job position at the time her employment was terminated.

31.     Pine Belt Dermatology admits the allegations of paragraph 31.

32.     Pine Belt Dermatology denies the allegations of paragraph 32.

33.     Pine Belt Dermatology is without information or knowledge sufficient to admit or deny the allegations regarding whether Plaintiff did or did not receive text messages as claimed, and it therefore denies the allegations of paragraph 33.

34.     Pine Belt Dermatology is without information or knowledge sufficient to admit or deny the allegations regarding whether Plaintiff did or did not receive text messages as claimed, and it therefore denies the allegations of paragraph 34. Pine Belt Dermatology further denies all allegations that its employees are racist or do not want African Americans to move up with the company.

35.     Pine Belt Dermatology is without information or knowledge sufficient to admit or deny the allegations whether Plaintiff did or did not receive text messages as claimed, and it therefore denies the allegations of paragraph 35. Pine Belt Dermatology further denies all allegations that it discriminated against Plaintiff or retaliated against the office manager.

## CAUSES OF ACTION

**Count 1: 42 U.S.C. § 1981**

36.     Pine Belt Dermatology incorporates its responses to the other paragraphs

4

of the complaint as set forth herein.

37.   Paragraph 37 is admitted to the extent that 42 U.S.C. §1981 speaks for itself.

38.   Paragraph 38 is admitted to the extent that 42 U.S.C. §1981 speaks for itself.

39.   Pine Belt Dermatology denies the allegations of paragraph 39.

40.   Pine Belt Dermatology admits only that Plaintiff's pay rate decreased when she worked at a general dermatology assistant rather than as a Mohs surgical assistant, but it denies all other allegations of paragraph 40.

41.   Pine Belt Dermatology admits only that Plaintiff's employment was terminated due to a COVID-19 lay off, but it denies all other allegations of paragraph 41.

42.   Pine Belt Dermatology admits only that Plaintiff was not "recalled" after her employment was terminated, but it denies all other allegations of paragraph 42.

43.   Pine Belt Dermatology denies the allegations of paragraph 43.

44.   Pine Belt Dermatology denies the allegations of paragraph 44.

## REMEDIES

Pine Belt Dermatology denies the allegations in the unnumbered paragraph beginning "Plaintiff seeks all remedies available," including each and every allegation in subparagraphs a. – l. of the same, and it expressly denies that it is liable to Plaintiff under any laws and further denies that Plaintiff is entitled to any relief from it.

## DEFENSES

Now, having fully answered the Complaint, Pine Belt Dermatology states the following defenses:

### FIRST DEFENSE

5

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff failed to mitigate her damages, if any.

## THIRD DEFENSE

If Plaintiff suffered any damages, they are the proximate result of some superseding or intervening cause or conduct on the part of some other party other than Pine Belt Dermatology, including but not limited to Plaintiff herself.

## FOURTH DEFENSE

Plaintiff's damages, if any, must be offset by interim compensation (monetary or non-monetary) she received or could have received.

## FIFTH DEFENSE

Pine Belt Dermatology affirmatively invokes the punitive damages requisites and limitations in Mississippi Code Section 11-1-65, the Mississippi Constitution, the United States Constitution, and the applicable state and federal laws, including but not limited to the provisions of 42 U.S.C. § 1981. Plaintiff is not entitled to punitive damages.

## SIXTH DEFENSE

Pine Belt Dermatology asserts all defenses allowed by Federal Rule of Civil Procedure 12(b)(1)-(7).

## SEVENTH DEFENSE

The Complaint does not plead items of special damage, if any, with particularity.

6

## EIGHTH DEFENSE

Pine Belt Dermatology committed no act(s) or made no admission(s) that proximately caused or contributed to any damages sought by Plaintiff, and it breached no standard of care of legal duty owing to Plaintiff.

## NINTH DEFENSE

Plaintiff was an at-will employee of Pine Belt Dermatology.

## TENTH DEFENSE

All employment actions were taken for legitimate, non-discriminatory reason(s) and were undertaken in good faith and for legitimate business reasons.

## ELEVENTH DEFENSE

Plaintiff cannot prove a causal connection between any action on the part of Pine Belt Dermatology and Plaintiff's race and/or any protected activity.

## TWELFTH DEFENSE

Pine Belt Dermatology asserts all defenses arising from the same actor inference.

## THIRTEENTH DEFENSE

Plaintiff has not alleged and cannot prove a prima facie case of discrimination, retaliation, or harassment under 42 U.S.C. § 1981.

## FOURTEENTH DEFENSE

To the extent any manager or supervisor of the same protected class was a decision maker relative to any of the employment actions at issue, Pine Belt Dermatology asserts all defenses arising from the fact that such manager or supervisor and Plaintiff are in the same protected class.

**FIFTEENTH DEFENSE**

Pine Belt Dermatology asserts all defenses available under any provisions of 42 U.S.C. § 1981.

**SIXTEENTH DEFENSE**

If Plaintiff was injured by violation of any law (which Pine Belt Dermatology denies), such violation was neither authorized, condoned, nor ratified by Pine Belt Dermatology, and any such violation was ultra vires of the authority of any employee or agent of any Pine Belt Dermatology.

**SEVENTEENTH DEFENSE**

Pine Belt Dermatology affirmatively pleads the defenses of wavier, estoppel, statute of limitations, statute of frauds, res judicata, and any other affirmative defense that may arise during discovery.

**EIGHTEENTH DEFENSE**

Plaintiff has failed to allege and cannot prove that the rationale for any personnel actions concerning her were pretext for discrimination.

**NINETEENTH DEFENSE**

Pine Belt Dermatology specifically pleads the "after-acquired evidence" defense.

**TWENTIETH DEFENSE**

Pine Belt Dermatology asserts the affirmative defenses promulgated by the United States Supreme Court in *Burlington Industries v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998). Pine Belt Dermatology exercised reasonable care

to prevent and/or promptly correct any harassment and/or discrimination in the workplace, and Plaintiff unreasonably failed to take advantage of Defendant's efforts by failing to complain to management or to otherwise avoid harm.

**TWENTY-FIRST DEFENSE**

Plaintiff is not entitled to recover attorney's fees or costs.

**TWENTY-SECOND DEFENSE**

Pine Belt Dermatology invokes all defenses and privileges afforded by law.

Having fully responded to the Complaint herein and having asserted defenses, Defendant David B. Roy D.O. P.A./Pine Belt Dermatology respectfully requests the Court to dismiss this action with prejudice and to award it all costs incurred in the defense of this action, including reasonable attorneys' fees. David B. Roy D.O. P.A./Pine Belt Dermatology prays for such other and further relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED,** this the 31st day of August, 2022.

> **DAVID B. ROY D.O. P.A. / PINE BELT DERMATOLOGY & SKIN CARE CENTER**
>
> By:  *s/Ashley W. Gunn* (MSB# 104375)
> Wise Carter Child & Caraway, P.A.
> 2510 14th Street, Suite 1125
> Gulfport, MS  39501
> T: 228-867-7141
> F: 228-867-7142
> awg@wisecarter.com
>
> *s/Jennifer H. Scott* (MSB# 101553)

9

Wise Carter Child & Caraway, P.A.
401 East Capitol St., 6th Floor
P. O. Box 651
Jackson, MS  39225-0651
T: 601-968-5500
F: 601-968-5519
jhs@wisecarter.com